DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6557
    FAX: (415) 436-7234
    Eric.Cheng@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CR 19-0552 WHA |
| Plaintiff, | ) **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | ) Date: February 18, 2020 |
| SHARIQ SHAHAB HASHME, | ) Time: 9:00 a.m. |
| Defendant. | ) Judge: Hon. William Alsup |

## I. INTRODUCTION

Between February and August 2019, the defendant Shariq Shahab Hashme carried out a scheme to defraud his former employer ("the Company," a San Francisco-based startup), draining the Company's accounts of more than $56,000 for his own personal benefit. He did so by exploiting his computer access at the Company, altering an internal database to cause repeated, unauthorized payments by the Company to various accounts under the defendant's control—all while surreptitiously erasing records from the database to cover his tracks. During much of this time, the defendant was traveling overseas, flying from San Francisco to Thailand and other locations in Asia.

The defendant committed a serious, continuing fraud over the course of half of a year against a company that trusted him with employment and access to their systems, justifying a custodial sentence. On the other hand, the defendant has taken steps to accept responsibility for his crimes, repaying to the Company the amount that he agreed to in his plea agreement.

Accordingly, the United States respectfully recommends that the Court sentence the defendant to 8 months of custody—the lowest sentence that falls within the applicable sentencing guidelines in this case—followed by 3 years of supervised release and an order of restitution. Given the nature and circumstances of the offense, the need for deterrence, and the seriousness of the offense, the government submits that this sentence would be sufficient, but not greater than necessary, based on a consideration of the sentencing guidelines and the factors under 18 U.S.C. § 3553(a).

## II. BACKGROUND

### A. Factual Background

Beginning around February 2019, the defendant devised and executed a scheme to defraud his employer, using his access to computer systems at the Company to surreptitiously send payments from the Company to himself. (Presentence Investigation Report ("PSR") ¶¶ 6–7.) The defendant did so by altering the data and content of an internal database at the Company to repeatedly issue unauthorized payments to a personal PayPal account under his control. (PSR ¶ 7.) By May 2019, the Company discovered that its internal payment database contained in their back-end computer network infrastructure had been compromised, and an investigation ensued. (PSR ¶ 9.) Yet the defendant continued unabated over the next few months, diverting additional payments to a different personal

UNITED STATES' SENTENCING MEMORANDUM   2
CR 19-0552 WHA

PayPal account under his control.  (PSR ¶ 9–10.)  He also concealed his scheme by destroying records in database payment logs, attempting to hide the fraudulent payments from discovery by the Company.  (PSR ¶ 7.)

Overall, the defendant's fraudulent scheme lasted from February to August 2019, resulting in hundreds of unauthorized payments to more than one PayPal account under the defendant's control over the course of a half year.  (PSR ¶¶ 9–10.)  In total, the losses to the victim Company amounted to over $56,000.  (*Id.*)

On August 9, 2019, the defendant was charged by complaint with intentional damage to a protected computer and arrested by the FBI at San Francisco International Airport.  (PSR ¶ 1, Dkt. No. 6 at 11.)  After the government filed an information charging the defendant with one count of wire fraud in violation of 18 U.S.C. § 1343, he pleaded guilty on October 23, 2019.  (PSR ¶¶ 2–3.)  Since pleading guilty, the defendant repaid to the Company the amount he agreed to in his plea agreement.  (PSR ¶ 65.)

### B.  Guidelines Calculation

The United States Probation Office ("Probation")'s calculation of the United States Sentencing Guidelines ("Guidelines" or U.S.S.G.) in the PSR is consistent with the parties' plea agreement.  (PSR ¶¶ 14–27.)  The PSR correctly calculates the total offense level as 11.  (PSR ¶¶ 14–23.)  The base offense level is 7 under U.S.S.G. § 2B1.1(a)(1), and a six-level enhancement applies because the losses exceed $40,000 under § 2B1.1(b)(1)(D).  (*Id.*)  The government agrees with the two-level reduction for acceptance of responsibility under § 3E1.1(a).  (*Id.*)  The PSR also correctly calculates the defendant's criminal history as category I, as the defendant has no prior criminal history.  (PSR ¶¶ 24–27.)

Because the total offense level is 11 and the defendant's criminal history category is I, the sentencing range under the Guidelines is 8 to 14 months' imprisonment.  (PSR ¶¶ 14–27, 56.)

## III.  DISCUSSION

### A.  Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id.*  After determining the

appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

**B.     Recommendation**

The government recommends that the Court impose a sentence of 8 months' custody, followed by three years of supervised release, based upon a consideration of the Guidelines and 18 U.S.C. § 3553(a) factors. Such a sentence would be sufficient but not greater than necessary based on the nature and circumstances of the offense, the need for deterrence, and the seriousness of the offense.

The nature and circumstances of the offense support a Guidelines custodial sentence of 8 months. In this case, the defendant devised and executed a fraudulent scheme that involved deliberate, repeated criminal conduct against those who trusted him. He exploited his access with the Company and went further to cover his tracks by destroying payment records so that his scheme could continue for a half year without detection. And he did so while he was traveling overseas, away from San Francisco to places like Thailand and other locations in Asia.

Importantly, in addition to providing specific deterrence to the defendant, the need for the sentence to provide general deterrence to others from committing fraud merits a custodial sentence and the recommended sentence of 8 months of custody. The recommendation also reflects the seriousness of the defendant's crimes, given the defendant's embezzlement of a significant sum of money (more than $56,000) and his specific steps to attempt to conceal and hide his actions from detection.

On the other hand, the government's recommendation for the sentence to be the lowest sentence within the Guidelines range acknowledges the history and characteristics of the defendant, including that he has no prior criminal history and that he has taken steps to accept responsibility for his crimes such as by repaying to the Company the amount that he agreed to in his plea agreement.

The government also recommends a three-year term of supervised release, which would include an expanded search condition that the defendant agreed to in his plea agreement. Given the nature of this crime, which included the use of computers and online services to carry out the defendant's fraudulent scheme, such a term of supervised release with the agreed-upon condition is necessary to serve the interests of deterrence and rehabilitation.

Accordingly, the government's recommended sentence—a term of 8 months in custody at the low end of the Guidelines range, followed by 3 years of supervised release—would provide just punishment and promote respect for the law.

### C. Restitution

Finally, the recommended sentence includes an order of restitution to the victim Company. The defendant's scheme to defraud resulted in at least $56,111.03 of losses, and per the plea agreement, the defendant agreed to this amount in restitution. (PSR ¶ 10–11.). The government acknowledges that the defendant has since paid this amount in full and no further payments are necessary beyond the order of restitution to memorialize the repayment.

### IV. CONCLUSION

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 8 months in custody, followed by three years of supervised release with the expanded search condition and other conditions recommended by Probation, and restitution as set forth above.

DATED: February 11, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Eric Cheng*
ERIC CHENG
Assistant United States Attorney