Brian E. Klein (State Bar No. 258486)
  bklein@bakermarquart.com
Ashley E. Martabano (State Bar No. 236357)
  amartabano@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Shariq Shahab Hashme*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-CR-552-WHA |
| Plaintiff, | |
| vs. | **DEFENDANT SHARIQ HASHME'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM** |
| SHARIQ SHAHAB HASHME, | |
| Defendant. | Hearing Date: February 18, 2020<br>Hearing Time: 9:00 a.m. |

The Court should sentence defendant Shariq Shahab Hashme to the defense's requested sentence of 100 hours of community service based on the factors set forth in 18 U.S.C. § 3553(a) and for all the reasons discussed in the defense's sentencing memorandum. (*See* Dkt. No. 37.) The government's request for an 8-month term of imprisonment should be rejected for the reasons outlined below and in the defense's sentencing position. (*See* Dkt. No. 38.)

Defense counsel had not anticipated filing a response in light of the fact that the parties had negotiated a thorough plea agreement, and defense counsel believed it could address any points and questions from the Court at the sentencing hearing on February 18, 2020. The government, however, wholly failed to discuss a significant factor in its sentencing position: Scale, the sole victim here, does not want Shariq to serve any prison time for a number of compelling reasons. (Scale's letter, written by its Founder and CEO Alexander Wang, is excerpted in its entirety on pages 7-8 of the defense sentencing memorandum and attached as Exhibit B.)[1] This omission by the government occurred despite the fact that the defense provided it with Scale's letter in advance of the sentencing position filing deadline and specifically pointed out that the defense thought the government's recommendation should be lower than it otherwise might be because of Scale's position.

The omission is also particularly surprising because the government felt that Shariq's prompt payment of the full amount of the restitution due to Scale was significant enough to warrant mention in its sentencing position as a mitigating factor (*see* Dkt. No. 38 at 5), yet failed in its entirety to address Scale's well-reasoned position on what Shariq's sentence should be.

If the government for some reason intentionally chose not to address Scale's position, then that is rather surprising because it generally takes victims' concerns very seriously, including during sentencing proceedings, and this letter was particularly detailed and poignant. If the government accidentally failed to factor Scale's position into its low-end of the advisory guidelines range

---

[1] Scale is a well-respected start-up in the Bay Area that was founded just over three years ago and has already grown to over 100 employees and a billion-dollar valuation. It has been trying to improve the process of machine learning for things such as self-driving cars. Scale's technology has attracted customers in the self-driving car field, including Alphabet Inc.'s Waymo, General Motors Co.'s Cruise, and Uber Technologies Inc.

recommendation of 8-months imprisonment, then it may now recommend a lower sentence, and it may, in fact, even agree with the defense's recommendation.  (The remarkable outpouring of support Shariq received in the 71 letters submitted may also move the government's recommended sentence downward as well.)  Regardless of the reason, the Court should take into account the government's failure to discuss Scale's letter.

As pointed out in the defense's sentencing memorandum, Scale's position – not seeking prison time – is rare for a victim of fraud and financial crime, and because Scale is the sole victim here, Scale's position bears serious consideration.[2]  This is particularly true because the reasons that Scale articulates in its letter to the Court to support its request for leniency are well-founded and squarely coincide with a number of important § 3553(a) factors.  These reasons include: Shariq apologized to Scale (not just Mr. Wang, but numerous other employees), he has shown genuine remorse, there is no reason to believe he will ever do anything like this again, he promptly repaid the company the full amount he stole, he refused a $10,000 severance offered after he was arrested, and he has already suffered serious consequences (like loss of job, valuable stock options, and his green card).  In addition to not mentioning Scale's request for leniency, the government also fails to discuss a number of the important reasons that Scale stated in its letter which support leniency, such as Shariq's refusal to accept a severance and his loss of stock options.

There is also one minor issue that defense counsel wishes to raise to avoid the possibility of any confusion in advance of the hearing.  In the factual background section of the government's sentencing memorandum, it explains that in May 2019, the company discovered Shariq's criminal activity (although it did not know it was him) and an investigation began. (*Id.* at 2.)  The next sentence states; "Yet the defendant continued unabated over the next few months…" (*Id.*)  In using the word "yet," the government may have accidentally led the Court to believe that Shariq was aware he was under investigation and "yet" brazenly continued with his criminal conduct.  That is not the case – we understand that it is undisputed that Shariq did not know he was under investigation until he was arrested a few months later.

---

[2] Scale also did not want Shariq prosecuted, as Scale's letter notes.

2

Defense counsel will be fully prepared to address any questions and concerns the Court may have at the sentencing hearing on February 18, 2020. Further, Shariq will provide a full allocution, demonstrating his acceptance of responsibility and deep remorse.

For all the reasons discussed above and in the defense's sentencing memorandum, the Court should sentence Shariq to a non-custodial sentence of 100 hours of community service.

Dated: February 14, 2020               Respectfully submitted,

                                           */s/ Brian E. Klein*
                                         BRIAN E. KLEIN
                                         ASHLEY E. MARTABANO
                                         Baker Marquart LLP
                                         *Attorneys for Shariq Shahab Hashme*